1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  Rachael W. Hiatt, Bar No. 317623
   rhiatt@hopkinscarley.com
4  HOPKINS & CARLEY
   A Law Corporation
5  The Letitia Building
   70 South First Street
6  San Jose, CA  95113-2406

7  *mailing address:*
   P.O. Box 1469
8  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
9  Facsimile:    (408) 998-4790

10 Attorneys for Defendant
   GATECHINA, INC.

11

12             UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15 THEODORE PARISIENNE,              CASE NO.  3:19-cv-04827-CRB

16            Plaintiff,             **MOTION FOR ADMINISTRATIVE
                                     RELIEF SEEKING CLARIFICATION
17 v.                                REGARDING ATTORNEY LEIBOWITZ'S
                                     *PRO HAC VICE* ADMISSION STATUS**
18 GATECHINA, INC.,
                                     **[Civ. L.R. 7-11]**
19            Defendant.

20

21         Pursuant to Civil Local Rule 7-11, Defendant GateChina, Inc. ("GateChina") files this

22 motion for administrative relief seeking clarification of plaintiff's counsel, Richard Liebowitz's

23 *pro hac vice* admission status in light of his subsequent disbarment in the United States District

24 Court for the Northern District of California ("the Northern District of California") by the

25 Honorable James Donato.

26 / / /

27 / / /

28 / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

924\3389430.3

**RELIEF REQUESTED**

GateChina respectfully requests that the above-captioned Court issue an order clarifying the *pro hac vice* admission status of plaintiff's counsel, Richard Liebowitz.  At this juncture, it is unclear whether Mr. Liebowitz may continue to represent plaintiff Theodore Parisienne ("Plaintiff" or "Parisienne") in this District.  Mr. Liebowitz's *pro hac vice* application was previously granted by this Court, yet it appears that he was subsequently disbarred from appearing in the Northern District of California.

This Court's current scheduling order requires that counsel for GateChina meet and confer with Counsel for Parisienne pursuant to FRCP 26(f) and the ADR rules.  As of now, it is unclear whether Mr. Liebowitz may represent Parisienne in such discussions and enter into any agreements on his behalf, since Mr. Liebowitz refused to file the Order of Disbarment in this Action as required and allow this Court to reconsider his *pro hac vice* admission.  GateChina is thus seeking clarification as to Mr. Liebowitz's status and whether he has authority to engage in the required meet and confer and enter into agreements on behalf of his client.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 15, 2019, Plaintiff filed his First Amended Complaint ("FAC") in the above-entitled action alleging, *inter alia*, copyright infringement against GateChina.  Dkt. No. 3.  The only attorney listed as plaintiff's counsel on the FAC was Richard Liebowitz, of Liebowitz Law Firm, LLC, in New York.

On or about September 20, 2019, Judge Donato issued an order to show cause to Mr. Liebowitz concerning his admission status in the Northern District of California ("OSC").  Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl."), Exh. 1.  The OSC stated that an attorney search of the State Bar of California's website revealed that Mr. Liebowitz was not an active member of the bar, as is required pursuant to N.D. Cal. Civil L.R. 11-1(b).  *Id.*  The OSC required Mr. Liebowitz to show why his membership to the bar of this Court should not be terminated.  *Id.*

On October 2, 2019, Mr. Liebowitz submitted a *pro hac vice* application in this Action, listing Greg Goonan as local co-counsel of record.  Dkt. No. 15.  On or about October 4, 2019, Mr. Liebowitz submitted a response to the OSC.  *See* Ratinoff Decl., Exh. 2.  In this response,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

924\3389430.3

- 2 -

MOTION FOR ADMINISTRATIVE RELIEF SEEKING CLARIFICATION REGARDING ATTORNEY
LEIBOWITZ'S PRO HAC VICE ADMISSION STATUS; 3:19-CV-04827-CRB

1   Mr. Liebowitz argued that he should not be disbarred because he obtained "local co-counsel"

2   Gregory Goonan, Esq. on the plaintiff's behalf to file a notice of appearance in every pending

3   case which Mr. Liebowitz initiated.  *Id.*  Mr. Liebowitz further argued that he filed an application

4   for *pro hac vice* in all pending cases before this Court (presumably including this Action), and

5   that "Mr. Goonan has been designated as co-counsel and will file a notice of appearance within

6   no later than thirty (30) days of the granting of said application."  *Id.*

7         This Court granted Mr. Liebowitz's *pro hac vice* application on October 4, 2019.  Dkt

8   No. 17.  On October 7, 2019, however, Judge Donato issued an Order of Disbarment against Mr.

9   Liebowitz.  Ratinoff Decl., Exh. 3.  Judge Donato found that Mr. Liebowitz's response "did not

10  say anything at all" about his membership in the State Bar of California and that Mr. Liebowitz's

11  response that he had obtained "local co-counsel," was not sufficient to prevent disbarment.  *Id.*

12  Judge Donato further ***ordered*** that Mr. Liebowitz be "removed from the membership roll of the

13  bar of this Court" and that he "disclose these OSC proceedings to any judge in this district before

14  whom Liebowitz has a pending *pro hac vice* application."  *Id.*

15        Shortly thereafter, counsel for GateChina requested that Mr. Liebowitz confirm whether

16  he intended to file the Order of Disbarment with this Court as it understood that he was now

17  disqualified from representing Parisienne in the Northern District of California.  *See* Ratinoff

18  Decl., ¶ 6.  Counsel for GateChina further requested that Mr. Liebowitz confirm whether his local

19  counsel will be taking over the representation of Parisienne or new counsel will be substituting in

20  for him.  *See id.*

21        In response, Mr. Liebowitz insisted that he was admitted *pro hac vice* in this Action,

22  which remained valid because he had obtained local counsel – the same argument that was

23  rejected by Judge Donato.  *See* Ratinoff Decl., ¶ 7.  Mr. Liebowitz also appeared to have no

24  intention of informing this Court of his apparent inability to represent Parisienne despite being

25  ordered to do so and having an ongoing duty of candor owed to this Court.  *See id.*

26  / / /

27  / / /

28  / / /

924\3389430.3                          - 3 -

MOTION FOR ADMINISTRATIVE RELIEF SEEKING CLARIFICATION REGARDING ATTORNEY
LEIBOWITZ'S PRO HAC VICE ADMISSION STATUS; 3:19-CV-04827-CRB

1

**REASONS IN SUPPORT OF REQUEST**

2      It has now been more than 30 days since this Court granted Mr. Liebowitz's *pro hac vice*

3   application and Mr. Goonan has yet to file a notice of appearance. *See* Ratinoff Decl., ¶ 8.  Thus,

4   it appears that Mr. Liebowitz has neither met Civil L.R. 11-3's precondition that he have co-

5   counsel who is admitted in this District appear, nor followed through with his representation that

6   Mr. Goonan would be appearing as co-counsel made in response to Judge Donato's OSC.

7      This request is necessary because the parties have upcoming deadlines to conduct their

8   Rule 26(f) conference and meet and confer as to potential forms of ADR, the scope of discovery,

9   a case schedule and other related matters. *See* Ratinoff Decl., ¶ 9.  In light of the disbarment

10  order, it is unclear whether Mr. Liebowitz may properly continue to represent Parisienne and

11  enter into agreements on his behalf as required by this Court's initial scheduling order, the local

12  rules and the FRCP. *See id.*  It is also unclear whether there is any other counsel admitted in the

13  Northern District representing Parisienne in this Action.  As a result, the orderly and lawful

14  continuation of this lawsuit necessitates an order from this Court clarifying Mr. Liebowitz's

15  current admission status and ability to represent Parisienne in this Action.

16     Accordingly, counsel for GateChina requests that the Court issue an order confirming

17  whether Mr. Liebowitz's *pro hac vice* admission remains valid in this Action in light of the

18  subsequent disbarment order which appears to supersede any *pro hac vice* admission that was

19  submitted and granted prior to the order disbarring Mr. Liebowitz.

20  Dated:  November 5, 2019                    Respectfully submitted,

21                                              HOPKINS & CARLEY
                                                A Law Corporation
22

23                                              By: */s/ Jeffrey M. Ratinoff*
                                                     John V. Picone
24                                                   Jeffrey M. Ratinoff
                                                     Rachael W. Hiatt
25                                                   Attorneys for Defendant
                                                     GATECHINA, INC.
26

27

28

924\3389430.3

- 4 -

MOTION FOR ADMINISTRATIVE RELIEF SEEKING CLARIFICATION REGARDING ATTORNEY
LEIBOWITZ'S PRO HAC VICE ADMISSION STATUS; 3:19-CV-04827-CRB